JjDREW, J.
From judgments sustaining defendants’ exceptions of prescription and no cause of action and dismissing plaintiffs actions, Emma Taylor appealed. In two actions heard simultaneously by the trial court and consolidated by this court for purposes of the appeals, Taylor sought to have her ownership interest recognized in property which she allegedly inherited from her father. Taylor averred that her daughter sold her father’s property pursuant to an invalid power of attorney, since her father lacked procedural capacity to give plaintiffs daughter and his granddaughter a power of attorney. The judgments of the trial court are reversed and the actions are remanded for further proceedings.

FACTS AND PROCEDURAL BACKGROUND

Taylor alleged that Silas Taylor died on December 17, 1936, and left nine heirs including Joe Taylor, plaintiffs father. In Silas Taylor’s succession, Claiborne Parish Probate No. 1358, the heirs inherited undivided interests in immovable property in Claiborne Parish in a judgment of possession signed February 2,1937.
In a petitory action filed October 5, 1998 against Bryant Lewis and Heloise Carter Lewis, plaintiff alleged that she inherited from Joe D. Taylor his portion of Silas Taylor’s property. On September 23, 1988, a cash sale deed, No. 340799, was filed in the conveyance records of Claiborne Parish in which Willie M. Taylor (plaintiffs daughter and Joe D. Taylor’s granddaughter), acting under a power of attorney from Joe D. Taylor dated June 10, 1986, sold his interest in the property to the Lewis defendants. The power of attorney was filed in the public records along with the deed. While acknowledging that the power of attorney from Joe D. Taylor to Willie Marie Taylor appeared valid on its face, plaintiff alleged that Joe D. Taylor lacked capacity to execute a power of attorney. Because the property was owned in indivisión, plaintiff alleged that Willie Marie Taylor could not | ¿validly sell the property, as the co-owners did not concur in the sale. Plaintiff sought to be recognized as lawful owner of the property, to have undisturbed possession and to have sale documents erased from the public records.
In a companion suit for damages and declaratory judgment also filed October 5, 1998, Taylor named as defendants her daughter, Willie Marie Taylor, as well as the Lewises. Plaintiff again set out her allegations concerning her heirship to Joe D. Taylor and the property transfer to the Lewises from Willie Marie Taylor via Joe’s D. Taylor’s invalid power of attorney. Plaintiff alleged that on approximately June 10,1986, Willie M. Taylor, the granddaughter of Joe D. Taylor, obtained his power of attorney. Plaintiff again asserted that Willie M. Taylor could not transfer ownership without the consent of the co-owners. Maintaining Joe D. Taylor was an aged, homeless alcoholic who could neither read nor write, plaintiff averred that her father lacked procedural capacity to execute a valid power of attorney. Plaintiff also alleged that the mandate was invalid because it had not been recorded in the Claiborne Parish conveyance records.
*343 On November 3, 1998, in response to both actions, Bryant and Helen Lewis filed peremptory exceptions of no cause of action and prescription. A hearing held on December 17, 1998, consisted of argument of counsel and plaintiffs introduction of the power of attorney from Joe D. Taylor in favor of Willie Marie Taylor, the first page of the deed to the Lewises, the probate record of Silas Taylor, the federal express return receipt and a census record showing Joe Taylor’s date of birth, April 2, 1898.
At its conclusion, the trial court stated that the deed conveyed whatever undivided interest Joe Taylor had in the property. Noting that there were no allegations that the Lewises were parties to any fraud in acquiring Joe Taylor’s 13undivided interest, the trial court sustained the exceptions because the actions were filed more than 10 years after the filing of the power of attorney. In written reasons in the action for damages and declaratory judgment, the trial court found that the deed and power of attorney were filed in the public records on September 23, 1988, and that plaintiffs petition for declaratory judgment and damages was filed October 5, 1998. Citing La. C.C. art. 3499, the trial court held that the claim was barred by 10-years liberative prescription. Prescription runs against incompetents including minors and interdicts unless the law contains an exception. La. C.C. art. 3468. The trial court noted that there is no law suspending prescription against incompetents.
The January 14, 1999 judgment in plaintiffs petitory action sustained the exceptions and dismissed the action with prejudice. On December 29, 1998, the trial court signed the judgment sustaining the exceptions of no cause of action and prescription and dismissed plaintiffs action for damages and declaratory judgment with prejudice. Plaintiff filed these appeals.

DISCUSSION

Plaintiff mistakenly complained that the power of attorney was invalid because it was not recorded. Attached to her petition for damages and declaratory judgment was a copy of the power of attorney from Joe D. Taylor to Willie Marie Taylor and stamped with a conveyance book and page number, indicating recordation. As to plaintiffs complaint that the deed to the Lewises improperly conveyed the entire ownership of the land without the consent of the other undivided owners, the trial court correctly observed that the deed conveyed only Joe D. Taylor’s right, title and interest to the Claiborne Parish real estate; i.e., only what Taylor himself actually owned.
|4A just title is a juridical act sufficient to transfer ownership. The act must be written, valid in form and filed for registry in the conveyance records in the parish where the immovable is located. La. C.C. art. 3483. A just title to an undivided interest in an immovable is such only as to the interest transferred. La. C.C. art. 3484. The comments to this article note that if a co-owner transferred ownership of the entire immovable, a transferee could acquire title to the entire immovable in 10 years if the buyer is in good faith and his possession is sufficiently adverse to the other co-owners. When a co-owner transfers only his undivided interest in the immovable, the transferee acquires just title only to the part transferred. Although the deed did not specifically refer to Joe D. Taylor’s undivided ownership interest, the deed did not convey the property in its entirety but was limited to a transfer of whatever rights Joe D. Taylor had in the property.
Plaintiffs primary argument was that her father was an aged, illiterate, homeless drunkard who lacked procedural capacity to execute a power of attorney to his granddaughter, Wühe Mae Taylor. Therefore, she alleged the deed transferring the property to the Lewises is invalid because it was signed by Willie Mae Tay *344 lor under the authority of an invalid power of attorney.
Except for unemancipated minors, interdicts and persons deprived of reason at the time of contracting, all persons have capacity to contract. La. C.C. art. 1918. A contract made by a person without legal capacity is relatively null and may be rescinded only at the request of that person or his legal representative. La. C.C. art. 1919. A noninterdicted person who was deprived of reason at the time of contracting may obtain rescission of an onerous contract based on incapacity only upon showing that the other party knew of or should have known of that person’s incapacity. La. C.C. art.1925. La. C.C. art. 1926 states:
A contract made by a noninterdicted person deprived of reason at the time of contracting may be attacked after his death, on the 15ground of incapacity, only when the contract is gratuitous, or it evidences lack of understanding, or was made within thirty days of his death, or when application for interdiction was filed before his death.
La. C.C. art. 403 states:
After the death of a person, the validity of acts done by him can not be contested for cause of insanity, unless his interdiction was pronounced or petitioned for previous to the death of such person, except in cases in which the mental alienation manifested itself within ten days previous to the decease, or in which the proof of the want of reason results from the act itself which is contested.
Unless declared incapable by law, all persons are presumed capable of contracting. In attacking a contract for lack of mental capacity, as a general rule, acts of a deceased person may not be attacked unless a petition for his interdiction was filed or a judgment of interdiction was rendered before his death. The exceptions are when the contract is gratuitous, when the contract itself, contains evidence of insanity, and when the contract was made within 30 days of the alleged incompetent’s death. Julius Cohen Jeweler, Inc. v. Succ. Of Jumonville, 506 So.2d 535 (La.App. 1st Cir.), writ denied, 511 So.2d 1155 (La.1987).
On appeal, Emma Taylor relied upon a federal express receipt which shows that her petitions were received on September 22, 1998, and the order appointing Daniel Newell as curator was signed September 24, 1998. In her view, those documents established that the pleadings in both actions were filed well before October 5, 1998, so that 10 years from the filing of the power of attorney and the deed had not elapsed when she filed her suits. Plaintiffs argument about the filing date of her pleadings appears to have merit. La. C.C.P. art. 253 directs:
All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of the court for such purpose. The clerk shall endorse thereon the fact and date of filing, and shall retain possession thereof for inclusion in the record, or in the files of his office, as required by law. The endorsement of the fact and date of filing shall be made upon receipt of the pleadings or | (¡documents by the clerk and shall be made without regard to whether there are orders in connection therewith to be signed by the court.'
The federal express receipt which plaintiff placed into evidence shows that the recipient was the Claiborne Parish Clerk of Court and L. Riggs signed for the package at 12:11 on September 22, 1998. La. C.C.P. art. 253 mandated that the clerk of court file plaintiffs pleadings upon receipt. If a 10-year prescriptive period were applicable here, this receipt would be relevant to a resolution of this dispute.
However, the relief which plaintiff seeks concerns an alleged relative nullity to which a five-year prescriptive period is applicable. La. C.C. art.2031 states:
*345 A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made. A contract that is only relatively null may be confirmed.
Relative nullity may be invoked only by those persons for whose interest the ground for nullity was established, and may not be declared by the court on its own initiative.
La. C.C. art.2032 sets out a prescriptive period of five years for relative nullities: Action for annulment of an absolutely null contract does not prescribe.
Action of annulment of a relatively null contract must be brought within five years from the time the ground for nullity either ceased, as in the case of incapacity or duress, or was discovered, as in the case of error or fraud.
Nullity may be raised at any time as a defense against an action on the contract, even after the action for annulment has prescribed.
The parties here offered a variety of arguments concerning when prescription should have commenced. Contending that neither the five nor ten-year prescriptive periods applied, plaintiff first incorrectly maintained that this action concerned an absolute nullity which did not prescribe. Alternatively, she ^maintained that if any prescriptive period applied, it would not commence until the deed and power of attorney were recorded on September 23, 1988. Further, plaintiff urged that prescription could not commence until she discovered or should have discovered the facts on which her actions were based and argued prescription could have run only after she learned of the sale of the property sometime after the deed was executed. Arguing that the five-year prescriptive period of La. C.C. art. 2032 applied, the appellees countered that the actions should have been brought within five years of Joe Taylor’s death.
Notwithstanding the foregoing arguments about the five and ten-year prescriptive periods, the Civil Code has provided special provisions for attacking the actions of a deceased person based on that person’s incapacity. La. C.C. arts. 403 and 1926 govern this dispute. In this matter, Joe D. Taylor’s date of death is not revealed. No information in plaintiffs pleadings alleged that a cause of action existed under La. C.C. arts. 403 or 1926 or whether any of the exceptions therein are applicable.
La. C.C.P. art. 934 mandates that when the grounds of objections pleaded by a peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order amendment of the petition with a delay set out by the court. In this matter, these judgments sustaining the exceptions did not provide plaintiff the opportunity to amend her pleadings.

DECREE

The judgments sustaining the exceptions of no cause of action and prescription are reversed and these matters are remanded to the trial court which is instructed to give the plaintiff a period of time to attempt to amend the pleadings in these actions in light of the applicable authorities.
REVERSED AND REMANDED WITH INSTRUCTIONS.