803 So.2d 290 (2001)
Charles ATKINS, et al.
v.
Anthony Ray BRIDGEWATER, et ux.
Edward Hunter Estate, Inc.,
v.
Samuel Thomas, Administrator, et al.
Succession of Jessie Hunter.
Succession of Lillie Mae Mitchell.
Nos. 35,453-CA, 35,452-CA, 35,454-CA, 35,455-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2001.
Paul Henry Kidd, Monroe, Counsel for appellants, Edward Hunter Estate, Inc.; Charles Atkins; Irealous C. Hunter; Laura Ruth Hunter Moses; Barbara Jean Berry Fuller; Bernice Barnes Rollins.
*291 Leroy Smith Jr., Tallulah, Counsel for appellees, Samuel Thomas, Administrator; Anthony Ray Bridgewater; Sharon Johnson Bridgewater.
Orlando N. Hamilton, Jr., Oak Grove, Counsel for appellee, Shandelier Yarn, Executrix.
Before NORRIS, BROWN and CARAWAY, JJ.
CARAWAY, J.
Following trial, the trial court dismissed plaintiffs' claim to annul their deceased mother's deed based upon her lack of contractual capacity. Finding that the trial court correctly applied Civil Code Article 1926 to end the attack on the non-interdicted decedent's contract, we affirm.

Facts
On April 11, 1995, Ophelia Hunter executed a warranty deed (hereinafter the "Deed") in favor of defendants, Anthony Ray and Sharon Johnson Bridgewater. The Deed was executed in authentic form at the Madison Parish Courthouse and recorded immediately thereafter. The Bridgewaters paid $4,500 in certified funds in exchange for Mrs. Hunter's interest (recited to be an undivided 1/18th interest) in 480 acres of land, known as "The Dunn Place" and/or "Gold Dust Plantation." Mrs. Hunter died on January 28, 1997, or about 21 months after executing the Deed.
Appellants, Charles Atkins and Irealous C. Hunter, are the two surviving children of Mrs. Hunter. Appellants filed this suit, No. 35,453[1] to nullify the Deed because of Mrs. Hunter's incapacity at the time of its execution. They also alleged that Mrs. Hunter did not execute the Deed and that no price was paid to her.
At trial, Anthony Bridgewater testified concerning the circumstances under which he had offered to buy Mrs. Hunter's interest in the land beginning in 1993. In 1995, she accepted his offer of $4,500 for her undivided interest in the land. The Bridgewaters met Mrs. Hunter at the Madison Parish Clerk's Office the next day, and executed and recorded a deed which an attorney had prepared. The deputy clerk who notarized the deed testified at trial. Appellant, Charles Atkins, testified concerning his mother's medical history, consisting of a series of strokes during the early 1990's which he believed may have left her incapacitated.
After hearing the evidence adduced at trial, the trial court dismissed the suit to set aside Mrs. Hunter's deed on its own motion, for failure to state a cause of action under La. C.C. art.1926. Alternatively, the trial court found that the appellants failed to present clear and convincing evidence sufficient to overcome Mrs. Hunter's presumed capacity to contract or to indicate that the Bridgewaters had any reason to suspect Mrs. Hunter's capacity to contract.
*292 Appellants appeal the judgment of dismissal, alleging that the trial court erred in granting its own exception of no cause of action, and further erred in its finding that the evidence was insufficient to show Ophelia's lack of capacity to execute the deed.

Discussion
Addressing an attack on the contractual capacity of a deceased party, La. Civil Code article 1926 provides as follows:
A contract made by a noninterdicted person deprived of reason at the time of contracting may be attacked after his death, on the ground of incapacity, only when the contract is gratuitous, or it evidences lack of understanding, or was made within thirty days of his death, or when application for interdiction was filed before his death.
In appellants' petition, they alleged Mrs. Hunter's lack of capacity at the time of the Deed and the lack of payment by the Bridgewaters of the $4,500 cash price recited in the Deed. Appellants now argue that a cause of action was alleged and that the trial court erred in its reliance upon Article 1926 in dismissing their claim. We disagree.
The trial court's ruling that "the petition fails to state a cause of action" under Article 1926 may arguably be an overstatement in view of the allegation of no consideration. Nevertheless, the trial court's ruling occurred after the trial in which the Bridgewaters produced the duplicate copy of the $4,500 cashier's check payable to Mrs. Bridgewater and appellants offered insufficient evidence proving nonpayment. The Deed and the evidence show that the contract was not gratuitous.
Mrs. Hunter was not interdicted nor was there an application pending for her interdiction at the time the Deed was executed. The cash sale deed is regular on its face, and the testimony of the notary confirms that execution of the Deed was properly conducted. Finally, the Deed was executed many months before Mrs. Hunter's death. The trial court therefore correctly applied Article 1926 as a bar to appellants' attempt to annul the Deed based upon the claim of lack of contractual capacity.
Accordingly, the trial court's ruling dismissing appellants' claims against the Bridgewaters is affirmed. Costs of appeal are assessed to appellants, Charles Atkins and Irealous C. Hunter.
AFFIRMED.
NOTES
[1] Contemporaneously with the filing of this proceeding, a second petition for declaratory judgment was filed by Edward Hunter Estate, Inc. against Samuel Thomas, Administrator of the Succession of Evelyn J. McFadden, PD 3672, Sixth Judicial District Court, Madison Parish and Shandelier Yarn, Executrix of the Succession of Lillie Mae Mitchell, PD 3710, Sixth Judicial District Court, Madison Parish. Subsequently, the Bridgewaters moved the court to consolidate the suit to set aside the deed with the suit for declaratory judgment and the two probate proceedings, alleging that all four of the proceedings affected ownership of the identical property and should all be tried together. Although all four proceedings were consolidated, the trial testimony focused exclusively on the circumstances surrounding Ophelia's execution of the deed and the issues of her lack of capacity or lack of understanding; the judgment appealed from seems plainly confined to the issues presented by Docket 35,453, namely, the presumed validity of the Bridgewater deed.