BROWN, Chief Judge.
 

 11Plaintiff, Lawrence Gipson, Independent Executor for the Estate of Hazel Williams Gipson Lee, has appealed from the trial court’s judgment in favor of defendant, JP Morgan Chase Bank, which sustained the bank’s exception of no cause of action and dismissed with prejudice plaintiffs claim against Chase Bank. For the reasons set forth below, we affirm.
 

 Facts and Procedural Background
 

 On March 7, 2008, Gipson, as executor for the estate of his mother, filed suit against Chase Bank and his brother, Donald Fortune, seeking damages for the loss/diminished value of assets from the estate of Mrs. Lee. In his petition, Gipson alleged that he was the sole owner of all property comprising the estate of Mrs. Lee, who had died on June 27, 2007. Gip-son further averred that on March 8, 2000, Mrs. Lee entered into a $30,000 home equity line of credit (“HELOC”) with Bank One (Chase Bank’s predecessor), and that the HELOC was secured by real property owned by Mrs. Lee located at 2817 Murray Street in Monroe, Louisiana.
 

 Gipson alleged that Mrs. Lee suffered from dementia and was mentally incapacitated at the time that she entered into the HELOC. Therefore, Bank One was negligent in issuing funds to Mrs. Lee based upon the fact that it “knew or should have known that she lacked capacity to enter into a contract.” Gipson sought to rescind
 
 *1078
 
 the mortgage contract and promissory note executed by Mrs. Lee based upon the fact that they are null and void as they were entered into when she lacked mental capacity to contract. Gipson also asserted several separate claims against his brother, Fortune, for conversion and/or mismanagement of the assets of their mother 12prior to her death. Plaintiffs claims against his brother are still pending and not at issue in the instant appeal.
 

 Chase Bank filed its answer and affirmative defenses on May 7, 2008, and thereafter, both parties began discovery. Neither Gipson nor Chase Bank was satisfied with the other’s responses (or lack thereof) in the discovery process. A motion to compel discovery was filed by Gipson on December 2, 2008, and was denied by the trial court following a hearing held on January 12, 2009, by judgment dated January 21, 2009.
 

 Chase Bank filed an exception of no cause of action and a motion to determine the sufficiency of plaintiffs answers to requests for admissions on March 13, 2009, and a hearing on the exception and motion was set for May 18, 2009. According to Chase Bank, plaintiffs nullity action should be dismissed because Gipson had failed to allege any of the exclusive grounds for nullifying a contract of a non-interdicted decedent as required by La. C.C. art. 1926. Gipson filed a second motion to compel discovery on April 13, 2009, and a hearing on Gipson’s motion was set for June 19, 2009. Thereafter, plaintiff filed an opposition to the exception of no cause of action on April 30, 2009, admitting that while he had not alleged a cause of action to nullify the HELOC under La. C.C. art. 1926, he had made sufficient allegations to support a cause of action against Chase Bank for fraud and/or conversion.
 

 Attorneys for both parties set forth them respective positions at the May 18, 2009, hearing on the exception and motion filed by Chase Bank. Plaintiff again admitted that his petition did not allege the elements of a|3cause of action under La. C.C. art. 1926, then stated “but it does not mean that they don’t exist, and it’s a little complicated.” The trial court queried why, if the elements existed, did plaintiff not provide this information in his discovery responses. Plaintiff contended that he did not have all of the information because of the ongoing discovery dispute with Chase Bank. The trial court noted that information about the four grounds for nullification under La. C.C. art. 1926, such as whether a petition to interdict Mrs. Lee had been filed, was available to plaintiff, and was not dependent upon any information Chase Bank had not already provided to Gipson.
 

 Plaintiff then noted that he learned during the discovery process that no money had been disbursed under the 2000 HE-LOC, but that there was a second contract dated October 26, 2006, allegedly signed by Mrs. Lee, under which the $30,000 was disbursed. Plaintiff noted that they did not have any information about this subsequent document when the petition was filed in March 2008, and acknowledged his receipt of a copy of the second contract in July 2008. When asked by the trial court why the petition had not been amended after plaintiff obtained the subsequent contract in July 2008 to include any allegations related to this document, plaintiff asserted that there were other things involved, such as Mrs. Lee’s condition, which had to be gleaned from the voluminous nursing home records.
 

 The trial court noted that, even if the court accepted as true plaintiffs allegation that Mrs. Lee was mentally incompetent to enter into the HELOC, the only cause of action for nullity of this contract was one under La. C.C. art. 1926. Because plaintiff had not alleged any of these grounds,
 
 *1079
 
 and had |,[provided no argument to support his ability to do so, the trial court sustained defendant’s peremptory exception of no cause of action. The trial court next analyzed La. C.C.P. art. 934, and found that based upon plaintiffs counsel’s argument, plaintiff would not be able to amend his petition to state a cause of action under art. 1926, and that therefore allowing plaintiff an opportunity to amend his petition would be frivolous. Plaintiffs claims against Chase Bank were dismissed with prejudice, and this appeal ensued.
 

 Discussion
 

 The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition.
 
 Veroline v. Priority One EMS,
 
 09-1040 (La.10/09/09), 18 So.3d 1273;
 
 Scheffler v. Adams and Reese, LLP,
 
 06-1774 (La.02/22/07), 950 So.2d 641. The peremptory exception of no cause of action is triable on the face of the pleadings,
 
 [1]
 
 and, for purposes of resolving issues raised by the exception, the well-pleaded facts in the petition must be accepted as true.
 
 Id.
 
 To determine whether the trial court in the instant case erred in granting Chase Bank’s exception of no cause of action, we accept all facts alleged in the petition as true. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court conducts a de novo review because the exception raises a question of law and the trial court’s decision is based only on the sufficiency 15of the petition.
 
 Harrington v. Harrington,
 
 43,373 (La.App.2d Cir.08/13/08), 989 So.2d 838.
 

 A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. La. C.C. art. 1906. The four elements required for confection of a valid contract are: (1) the capacity to contract (La.C.C. art. 1918); (2) mutual consent (La.C.C. art. 1927); (3) a certain object (La.C.C. art. 1971); and (4) a lawful cause (La.C.C. art. 1966).
 
 Worley v. Chandler,
 
 44,047 (La. App.2d Cir.03/04/09), 7 So.3d 38;
 
 Provenza v. Central & Southwest Semces, Inc.,
 
 34,-162 (La.App.2d Cir.12/15/00), 775 So.2d 84.
 

 The general rule is that all persons are presumed capable of contracting, except those who have been declared incapable by law. La. C.C. art. 1918;
 
 Taylor v. Taylor,
 
 32,517 (La.App.2d Cir.01/06/00), 755 So.2d 341;
 
 Standard Life & Accident Insurance Co. v. Pylant,
 
 424 So.2d 377 (La.App. 2d Cir.1982),
 
 writ denied,
 
 427 So.2d 1212 (La.1983);
 
 Julius Cohen Jeiveler, Inc. v. Succession of Jumonville,
 
 506 So.2d 535 (La.App. 1st Cir.1987),
 
 writ denied,
 
 511 So.2d 1155 (La.1987).
 

 Attacks on contracts for lack of mental capacity are governed by La. C.C. art. 1919-1926. As a general proposition, contracts entered into by a noninterdicted deceased person may not be attacked. La. C.C. art. 1926 sets forth the exclusive grounds upon which a contract made by a noninterdicted person deprived of reason at the time of contracting may be attacked on the ground of incapacity. These grounds are: (1) when the contract is gratuitous; (2) when the contract evidences lack of understanding; (3) when the contract | (¡was made within 30 days of his or her death; and (4) when an application for
 
 *1080
 
 interdiction was filed before his or her death.
 
 Taylor, supra.
 

 In
 
 Atkins v. Bridgewater,
 
 35,453 (La. App.2d Cir.12/05/01), 803 So.2d 290, the two surviving children of Ophelia Hunter filed suit to nullify a deed based upon Mrs. Hunter’s incapacity at the time the deed was executed. Plaintiffs also alleged that Mrs. Hunter did not execute the deed and that no price was paid to her. Trial was held and after hearing the evidence, the trial court on its own motion dismissed the nullity suit for failure to state a cause of action under La. C.C. art. 1926 and for failure to present clear and convincing evidence sufficient to overcome the presumption of capacity on the part of Mrs. Hunter.
 

 On appeal, plaintiffs argued that the trial court erred in relying upon article 1926 in dismissing their claim. This court disagreed, noting that plaintiffs did not offer sufficient evidence of nonpayment (lack of consideration), and that the evidence and deed showed that the contract was not gratuitous.
 
 Atkins,
 
 803 So.2d at 292. Furthermore, Mrs. Hunter was not interdicted, nor was there an application pending for her interdiction at the time the deed was executed.
 
 Id.
 
 The court noted that the deed was regular on its face and was executed many months before Mrs. Hunter’s death. Therefore, reasoned this court, article 1926 was properly applied by the trial court as a bar to plaintiffs’ attempt to annul the deed based upon their claim of lack of contractual capacity.
 
 Id.
 

 The Fourth Circuit in
 
 In re Succession of Flanigan,
 
 06-1402 (La.App. 4th Cir.06/13/07), 961 So.2d 541, affirmed the trial court’s grant of 17summary judgment in favor of the beneficiary of the decedent’s retirement account, noting that pursuant to La. C.C. art. 1926, a contract entered into by a (noninterdicted) person deprived of reason could only be attacked in the four circumstances set forth in article 1926.
 

 Based upon the foregoing legal principles, and our de novo review of the record, particularly Gipson’s petition and the transcript from the hearing on the exception, we find no error in the trial court’s ruling sustaining the exception of no cause of action filed by Chase Bank. Plaintiffs petition contains no allegations of any of the four La. C.C. art. 1926 factors, and plaintiffs counsel conceded at the hearing that the elements of a cause of action for nullifying a contract under La. C.C. art. 1926 were not specifically alleged in the petition. Notwithstanding plaintiffs argument that he has been unable to amend his petition because of Chase Bank’s refusal to provide him with requested discovery materials, we observe that any information relative to whether plaintiff could allege one (or more) of the exclusive grounds set forth in article 1926 for nullifying Mrs. Lee’s contract/loan with Chase Bank was not necessarily within the scope of anything plaintiff could discover from the bank. In fact, Chase Bank has already provided Gipson with copies of both documents related to the HELOC, and plaintiff has not amended his petition to include allegations related to or arising out of the subsequent contract.
 

 Plaintiff also contends that the trial court erred in dismissing his claim against Chase Bank with prejudice instead of without, and in refusing to allow him the opportunity to amend his petition to allege facts to support |sother causes of action. This assertion is without merit. La. C.C.P. art. 934 requires a trial judge to allow time for amendment of a petition if the grounds of the objection may be removed by amendment.
 
 Batson v. Cherokee Beach and Campgrounds,
 
 428 So.2d 991 (La.App. 1st Cir.1983),
 
 writ denied,
 
 434 So.2d 1092 (La.1983).
 

 
 *1081
 
 Our review of the initial petition contains one claim against Chase Bank-namely, that Gipson sought to rescind the mortgage contract and promissory note related to the HELOC on the basis that his mother lacked mental capacity to enter into a contract at the time the documents were executed. There are no allegations of fact in the petition which would support any other cause of action against Chase Bank and the trial court did not err in denying plaintiff the opportunity to amend based upon specious arguments to the contrary.
 

 Conclusion
 

 For the reasons set forth above, the trial court’s judgment sustaining the exception of no cause of action filed by Chase Bank and dismissing with prejudice plaintiffs claims against the bank is affirmed. Costs are assessed to plaintiff-appellant, Lawrence Gipson, Independent Executor for the Estate of Hazel Williams Gipson Lee.
 

 [1]
 

 . However, evidence admitted without objection may be viewed as an enlargement of the pleadings and considered as such.
 
 Sterling v. Jones,
 
 255 La. 842, 233 So.2d 537 (1970);
 
 Touro Infirmary v. American Maritime Officer,
 
 09-0697 (La.App. 4th Cir. 11/09/09), 24 So.3d 948
 
 Teague v. St. Paul Fire and Marine Insurance Co.,
 
 06-1266 (La.App. 1st Cir.04/07/09), 10 So.3d 806,
 
 writ denied,
 
 09-1030 (La.06/17/09), 10 So.3d722.