WILLIAMS, J.
 

 1 jThe defendant, SGB Architects, L.L.P., appeals a partial summary judgment in favor of third-party defendant, Tetra Tech, Inc. (“Tetra”). The district court found that Tetra’s liability, if any, to defendant for damages could not exceed the amount of $2,860, pursuant to the limitation of liability provision in the parties’ contract. For the following reasons, we affirm.
 

 FACTS
 

 In April 1997, the City of Shreveport (“the City”) retained SGB Architects, L.L.P. (“SGB”) to design a new community center at David Raines Park (herein referred to as the Center or Project). In September 1998, SGB signed a contract with Tetra (known at the time as Maxim Technologies, Inc.). Under the contract, Tetra agreed to perform tests of subsurface soil samples and prepare a report with recommendations for the foundation design of the Center, in return for compensation of $2,860. The two-sided contract, naming SGB as “Client,” was signed on the front side by Clarence Babineaux, a partner of SGB, and Lloyd Hoover, a manager of Tetra. Printed below the signature lines was a statement, “By signing this Agreement, Client assents to the terms and conditions set forth above and on the reverse side hereof.” Among the provisions contained on the reverse side of thé contract, Paragraph 10 states:
 

 
 *1107
 

 Limitation of Liability.
 
 Client hereby agrees, to the fullest extent permitted by law, that Consultant’s total liability to Client for any and all injuries, claims, losses, expenses or damages whatsoever arising out of or in any way related to the Project or this Agreement, from any cause or causes, including but not limited to, Consultant’s negligence, errors, omissions, strict liability, breach of contract, or otherwise, will not exceed (i) the total compensation received by Consultant under the Agreement, or (ii) $50,000, whichever is the lesser amount.
 

 |2On October 16, 1998, Tetra issued its subsurface exploration report, which was part of the information used by SGB in preparing the plans and specifications for construction of the Center. In January 2001, the Center was substantially completed, but later that year problems with vertical movement of the floor slab were discovered when the front entry doors began to stick and the lobby floor became uneven.
 

 In November 2005, the City filed a petition for damages against the defendants, SGB, its insurer, Lafayette Insurance Company, and Melvin Butler, Inc., the general contractor for the Project. SGB then filed a third party demand alleging that Tetra was negligent in performing the soil tests and in recommending a foundation design. In March 2007, Tetra filed a motion for summary judgment seeking dismissal of SGB’s claims and SGB filed an opposition. Subsequently, the district court denied Tetra’s motion.
 

 In June 2009, Tetra filed a motion for partial summary judgment on the grounds that the parties’ contract limited Tetra’s liability to SGB for any damages arising out of the Project to an amount not exceeding $2,860. SGB filed an opposition to partial summary judgment, alleging that it had never agreed to the liability limitation provision in the contract.
 

 After a hearing, the district court granted partial summary judgment in favor of Tetra, finding that the contractual provision limiting liability was not ambiguous. The court rendered judgment ordering that Tetra’s liability, if any, for damages arising out of the contract with SGB shall not exceed the amount of $2,860. The district court designated the judgment as a final, appealable judgment under LSA-C.C.P. art. 1915(B). SGB appeals the | judgment.
 

 DISCUSSION
 

 SGB contends the district court erred in granting Tetra’s motion for partial summary judgment. SGB argues that a material issue of fact exists as to whether SGB agreed to be bound by the provisions contained on the reverse side of the contract because SGB did not initial that side of the document.
 

 Summary judgment shall be granted if the pleadings, depositions, admissions and any affidavits show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of the appropriateness of summary judgment.
 
 King v. Parish National Bank,
 
 04-0387 (La.10/19/04), 885 So.2d 540. The mover has the initial burden of proving that no genuine issue of material fact exists. If the mover makes a prima facie showing in support of the motion, then the burden shifts to the nonmov-ing party to present evidence demonstrating that a material fact issue remains.
 
 Jones v. Estate of Santiago,
 
 03-1424 (La.4/14/04), 870 So.2d 1002.
 

 
 *1108
 
 A contract is an agreement by-two or more parties whereby obligations are created, modified, or extinguished. LSA-C.C. art. 1906. Under Louisiana law, the formation of a valid and enforceable contract requires capacity, consent, a certain object and lawful cause.
 
 Worley v. Chandler,
 
 44,047 (La.App.2d Cir.3/4/09), 7 So.3d 38. Ordinarily, the |4meaning and intent of the parties to a written instrument should be determined within the four corners of the document and its terms cannot be explained or contradicted by extrinsic evidence.
 
 Scott v. Red River Waterway Commission,
 
 41,009 (La.App.2d Cir.4/12/06), 926 So.2d 830. A person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand its terms.
 
 First South Farm Credit, ACA v. Gailliard Farms, Inc.,
 
 38,731 (La.App.2d Cir.8/18/04), 880 So.2d 223.
 

 In the present case, SGB argues that it is not bound by the liability limitation because it did not initial the reverse side of the contract. However, the contract does not require that SGB initial the reverse side of the document in order to be bound by the limitation of liability provision. Rather, the statement printed below the signature line advised SGB that by “signing” the agreement, SGB agreed to the terms set forth on both sides of the contract. The two cases cited in SGB’s brief to support its position involved the at-will employment relationship, which is not an issue in this case. The evidence submitted supports a determination that SGB signed the agreement and was bound by all of the terms contained in the contract.
 

 SGB also contends the district court erred in finding that the contract language was unambiguous. SGB argues that the contract should be interpreted as not limiting Tetra’s liability because the language of paragraph 8 regarding the availability of Tetra’s professional liability insurance coverage is inconsistent'with the liability limitation provision.
 

 IsThe interpretation of a contract is the determination of the common intent of the parties. LSA-C.C. art. 2045. When the words of a contract are clear and explicit and do not result in absurd consequences, no further interpretation may be made in search of the parties’ intent. LSA-C.C. art. 2046. The words of a contract must be given their generally prevailing meaning. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. LSA-C.C. arts. 2047, 2050. In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text. A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party. LSA-C.C. art. 2056.
 

 In the present case, paragraph 8 of the contract provides:
 

 In addition to any other insurance which Consultant may choose to carry, Consultant shall, at its sole expense, maintain in effect during the performance of the Services under this Agreement insurance coverages as follows: Workers’ Compensation as required by state law; General Liability and Automobile Liability with a combined single limit of $1,000,000 per occurrence; Professional Liability, including pollution liability $1,000,000 for claims made against Consultant for negligent errors or omissions in performance of services hereunder. Consultant shall deliver to
 
 *1109
 
 Client certificate of Insurance, if requested by Client.
 

 In paragraph 8, Tetra agreed to carry various types of insurance, including liability coverage for negligence claims against Tetra arising from the performance of its services. In contrast, paragraph 10 applies to a claim for damages due to an alleged breach of the parties’ contract and limits the liability of Tetra to a specific monetary amount. SGB’s third party de-mandas based on Tetra’s obligations under the terms of the contract and is not a negligence claim for damages. Thus, paragraph 10 is applicable to the present situation and is not inconsistent with the other contractual provisions. Consequently, we cannot say the district court erred in finding that pursuant to the contract, Tetra’s liability to SGB would not exceed the amount of $2,860 in damages. The assignment of error lacks merit.
 

 CONCLUSION
 

 For the foregoing reasons, the district court’s partial summary judgment in favor of Tetra Tech, Inc., is affirmed. Costs of this appeal are assessed to the appellant, SGB Architects, L.L.P.
 

 AFFIRMED.