PITMAN, J.
Plaintiffs Andy Long Duc Bui and Thang Van Bui appeal the judgment of the trial court sustaining an exception of no cause of action filed by Defendants Tony E. Saba and Tamara H. Vartainian Saba, which was filed in response to a petition to revoke a sale of immovable property. The sale of the property took place prior to the recordation of Plaintiffs' judgment against other codefendants who sold the property to Defendants. For the following reasons, we affirm the judgment of the trial court.
FACTS
In October 2013, Plaintiffs sold all of their shares of stock in Bui Enterprises, Inc., d/b/a Lo Mart Supermarket, to Raza Ali Mughal for $ 200,000. Mughal executed a promissory note in the amount of $ 178,618, which was payable over 37 months. He defaulted on the monthly payments; and, on June 2, 2016, Plaintiffs filed suit in Bossier Parish against him ("the Mughal Suit"). A curator was appointed to represent *496 Mughal, who could not be located; and, after several attempts to notify him, the matter was set for a hearing. A default judgment was rendered against him on November 14, 2016, in the amount of $ 136,272.50, together with interest and court costs ("the Mughal Judgment").
After the Mughal Judgment was rendered, Plaintiffs became aware that Mughal owned two pieces of property in Winnfield, Winn Parish, Louisiana, which were assessed in his name. They filed a suit in Winn Parish to make the Mughal Judgment executory and for a writ of fieri facias ("writ of fifa") to be issued. An order granting the writ of fifa was signed by the trial court on May 3, 2017, commanding that the sheriff of Winn Parish seize and sell the two tracts of property: 1) a .45-acre piece of land at municipal address of 1829 South Jones Street, on which was located a convenience/grocery store ("the Jones Street Property"); and 2) Mughal's house at 215 Faith Drive ("the Mughal House"). A notice of seizure was issued and a sheriff's sale on both pieces of property was set for July 19, 2017.
Prior to the sheriff's sale, Plaintiffs reached an agreement with Mughal to release the Mughal House from the order of seizure and granted a partial release of the Mughal Judgment only insofar as it affected his home.
Also prior to the sheriff's sale, Plaintiffs became aware that Mughal no longer owned the Jones Street Property, so they cancelled the sheriff's sale and ordered an abstract of title on that property, which revealed the following entries concerning the chain of title:
On April 19, 2011, Mughal's company, NTR, donated, via act of donation to Mughal, the Jones Street Property. This donation was recorded April 25, 2011.
Also on April 19, 2011, but not recorded until May 16, 2016, Mughal donated the Jones Street Property back to NTR.
In March 2017, by cash sale deed recorded March 17, 2017, NTR sold and conveyed the Jones Street Property to Tony E. Saba and Tamara H. Vartainian Saba in consideration of the sum of $ 175,000 ("the Saba Deed").
Because Plaintiffs believed Mughal's donation of the Jones Street Property back to his company, NTR, by act dated April 19, 2011, but not recorded until May 16, 2016, was a deliberate attempt to evade the debt he owed them, they filed this instant action to revoke the Saba Deed and have it declared null and void.
Defendants filed a peremptory exception of no cause of action in response to Plaintiffs' petition to revoke the sale of the property to them and pointed out that Plaintiffs had not filed any notice in the records of Winn Parish and did not put third parties on notice of the matters described in the petition. They asserted that as a result of the Louisiana Public Records Doctrine, Plaintiffs cannot seek to annul the sale. They pointed out that they bought the property from NTR, not Mughal (against whom the judgment was rendered), and the order for the writ of fifa was issued against Mughal, not NTR. For these reasons, they sought dismissal of the suit against them.
The hearing on the exception of no cause of action was held and a judgment sustaining the exception and dismissing Defendants from the suit to revoke the sale was signed on July 10, 2018. Plaintiffs appeal this judgment.
DISCUSSION
Plaintiffs argue that the trial court erred in sustaining the exception of no cause of action and dismissing Defendants because the decision was based on the fact that the *497 Mughal Judgment was rendered only against Mughal, individually, not against NTR or Defendants. The trial court found that Defendants were unaware that the Jones Street Property might have been subject to the Mughal Judgment at the time they purchased it from NTR on March 17, 2017. Plaintiffs contend that, "In other words, the trial court ruled that, since the Mughal Judgment did not mention either NTR or Saba," they had no cause of action against Defendants to revoke the transfer of the Jones Street Property. This decision, they argue, could result in crippling the revocatory cause of action in Louisiana.
Plaintiffs further argue that a revocatory action is one where an obligee seeks to annul an act of an obligor, or the result of a failure to act, that is made or effected after the right of the obligee arose and that causes or increases the obligor's insolvency. They claim that subsequent to their initial demand of February 1, 2016, for the money due on the loan, Mughal increased his insolvency by donating the Jones Street Property to his company, NTR, which, in turn, sold the property to Defendants.
Plaintiffs also assert that the existence of the debt and insolvency of the debtor are the two prerequisites to revocation of the transaction. They claim that although the Mughal Judgment did not mention either NTR or Defendants, they still have a cause of action to revoke the transaction between the company and the buyers. They contend that they have a cause of action to revoke the Saba Deed and that the merits of the action are suitable for consideration either on motion for summary judgment or trial. They point out that the exception of no cause of action is tried on the face of the petition; and, if it states a cause of action against anyone based on the allegations, the exception should be overruled.
Defendants state that they make no attempt to defend Mughal's alleged actions, but, instead, argue that they purchased the property in good faith, after conducting a title examination of the property, paying off the encumbrances of record and paying the purchase price of $ 175,000. They contend that they should not have to bear the brunt of Mughal's actions, or those of Plaintiffs, who originally negotiated with Mughal and released the Mughal House from the previously obtained order of seizure before performing due diligence to ensure that Mughal owned the Jones Street Property.
Defendants point out that even as alleged in the petition for revocation, NTR owned the property at issue, free and clear of any judicial mortgage in favor of Plaintiffs filed in Winn Parish at the time they purchased the property. They were third party purchasers who acted in good faith. They argue that the law concerning nullity of contracts states that nullity does not impair the rights acquired through an onerous contract by a third party in good faith. If the contract involves immovable property, the principles of recordation apply to a third person acquiring an interest in the property whether by onerous or gratuitous title.
Defendants further claim that they are protected by the Louisiana Public Records Doctrine which requires that any interest in real estate must be recorded in order to affect third persons. An instrument in writing affecting immovable property which is not recorded is null and void except between the parties. They argue that the Louisiana Public Records Doctrine has been described as a negative doctrine because it does not create rights, but, rather, denies the effect of certain rights unless they are recorded. People *498 can rely on the absence from the public records of those interests that are required to be recorded.
Defendants also argue that in order to have a cause of action to annul an act of the obligor, the action alleged must have been taken after the right of the obligee arose, and the obligee must prove that the act causes or increases the obligor's insolvency. They claim that by donating his property to his company, NTR, Mughal did not increase or change his insolvency. In fact, they paid $ 175,000 for the property, which only increased Mughal's liquidity, making it easier for him to pay his debt to Plaintiffs. For that reason, Plaintiffs have no cause of action to revoke the sale from NTR to the them.
The peremptory exception of no cause of action tests the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged in the petition. Fink v. Bryant , 01-0987 (La. 11/28/01), 801 So.2d 346 ; Gipson v. Fortune , 45,021 (La. App. 2 Cir. 1/27/10), 30 So.3d 1076, writ denied , 10-0432 (La. 4/30/10), 34 So.3d 298. A "cause of action," when used in the context of the peremptory exception of no cause of action, refers to the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. White v. St. Elizabeth B.C. Bd. of Directors , 45,213 (La. App. 2 Cir. 6/2/10), 37 So.3d 1139. The purpose of the exception of no cause of action is not to determine whether the plaintiff will prevail at trial, but is to ascertain if a cause of action exists. Bogues v. Louisiana Energy Consultants, Inc. , 46,434 (La. App. 2 Cir. 8/10/11), 71 So.3d 1128. The exception is triable on the face of the petition, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Fink , supra . The alleged facts are not examined for their truthfulness in a vacuum, but must be examined in the context of the applicable legal theory of the case. Acurio v. Cage , 52,309 (La. App. 2 Cir. 9/26/18), 257 So.3d 824, writ denied , 18-1762 (La. 1/8/19), 260 So.3d 581.
An appellate court's review of a trial court's ruling sustaining an exception of no cause of action is de novo because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. Acurio , supra .
The applicable legal theory of this case is that of a revocatory action, and Plaintiffs seek to revoke two separate contracts; first, they seek to revoke the donation from Mughal to NTR and, second, the sale from NTR to Defendants.
La. C.C. art. 2036 creates the right to a revocatory action and states that an obligee has a right to annul an act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency. In order for an obligee to annul an act of the obligor, he must show (1) an act (or failure to act) of the obligor that causes or increases the obligor's insolvency; and (2) the act must occur after the obligee's rights arose. Dortch v. Rollins , 50,170 (La. App. 2 Cir. 12/9/15), 181 So.3d 911.
No cause of action with regard to the donation
In regard to the donation, Plaintiffs are the obligees and only Mughal is the obligor. Defendants, who filed this objection of no cause of action, had no role whatsoever in the donation between Mughal and NTR; and they cannot be deemed obligors to the Plaintiffs. For this reason, Plaintiffs cannot make any allegations against them which would create a cause of action in regard to the donation because *499 Defendants had nothing to do with it. Therefore, the law does not provide a remedy to Plaintiffs against these Defendants, and the petition fails to state a cause of action against them.
No cause of action with regard to the revocation of the sale from NTR to Defendants
The allegations concerning the donation from Mughal to NTR are the only allegations made by Plaintiffs through which they attempt to assert any kind of cause of action against Defendants. They make no allegations against Defendants individually upon which to base the claim that the sale by NTR to them should be revoked. La. C.C. art. 2035 concerns rights of third parties in good faith and states as follows:
Nullity of a contract does not impair the rights acquired through an onerous contract by a third party in good faith.
If the contract involves immovable property the principles of recordation apply to a third person acquiring an interest in the property whether by onerous or gratuitous title.
In order to assert a cause of action against these Defendants, Plaintiffs' petition had to include allegations that the sale to Defendants was either 1) not an onerous contract or 2) they were not third parties in good faith. In Paragraph 15 of the petition, Plaintiffs admit that the sale to Defendants was an onerous contract, i.e., the sale of the property for the price of $ 175,000. The petition contains no allegations that Defendants were in bad faith, as would be required to assert a cause of action against them. A de novo review of the record, particularly the petition, shows that no allegations were made against Defendants which would state a cause of action against them for nullity of the contract or revocation of the sale of the property.
This assignment of error is without merit.
CONCLUSION
The judgment of the trial court sustaining the peremptory exception of no cause of action in favor of Defendants Tony E. Saba and Tamara H. Vartainian Saba and against Plaintiffs Andy Long Duc Bui and Thang Van Bui is affirmed. Costs of this appeal are assessed against Plaintiffs Andy Long Duc Bui and Thang Van Bui.
AFFIRMED.